## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

IN RE:
MAXIMILIANO CASTILLO, JR.

MAXIMILIANO CASTILLO, JR.,

      Appellant,

      v.

WELLS FARGO BANK, N.A., *as Servicer for*
*HSBC Bank USA, National Association*,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.,
HSBC BANK USA, NATIONAL
ASSOCIATION,
and WELLS FARGO ASSET SECURITIES
CORPORATION,

      Appellees.

Civil Action Nos. TDC-14-0924
TDC-14-0925

## MEMORANDUM OPINION

In this consolidated case, Appellant Maximiliano Castillo, Jr. ("Castillo") appeals various orders of the United States Bankruptcy Court for the District of Maryland pertaining to his Chapter 11 Bankruptcy, Case No. 13-12042 (the "Main Bankruptcy Case"), and a related Adversary Proceeding, Bankruptcy Case No. 13-0308 ("Adversary Proceeding 13-0308"). Specifically, Castillo appeals: (1) the bankruptcy court's order denying Castillo's objection to the proof of claim filed by Wells Fargo Bank, N.A. ("Wells Fargo"), as servicer for HSBC Bank USA, National Association ("HSBC"), in the Main Bankruptcy Case, DE No. 129 (13-12042-TJC); (2) the bankruptcy court's order granting the motion to dismiss Adversary Proceeding 13-0308, DE No. 26 (13-0308-TJC); and (3) the bankruptcy court's order denying his motion for

reconsideration of both the denial of objection in the Main Bankruptcy Case and the dismissal of Adversary Proceeding 13-0308, DE No. 146 (13-12042-TJC). While the consolidated appeal was pending before this Court, the bankruptcy court issued an order on December 2, 2014 dismissing the underlying Main Bankruptcy Case. DE No. 195 (13-12042-TJC).

Having reviewed the briefs and supporting documents, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons discussed below, the Court DISMISSES the appeal as moot.

## BACKGROUND[1]

### I.  State Court Proceedings

On February 28, 2007, Castillo and his then wife took out a mortgage loan with American Brokers Conduit, on which they subsequently defaulted in August 2012. A substitute trustee appointed pursuant to the Deed of Trust then instituted a foreclosure action in the Circuit Court for Montgomery County, Maryland. *See Dore v. Castillo*, No. 367386V (Montgomery Cnty. Cir. Ct. filed Aug. 23, 2013). Castillo, proceeding *pro se*, filed a motion to stay in that foreclosure action, Def.'s Mot. Stay, *Dore*, No. 367386V, Docket No. 14 (Montgomery Cnty. Cir. Ct. Sept. 20, 2013), and also filed a separate countersuit against Wells Fargo, Mortgage Electronic Registration Systems, Inc. ("MERS"), HSBC, and Wells Fargo Asset Securities Corporation ("WFASC"), among other defendants, *see Castillo v. Wells Fargo Bank N.A.*, No. 369260V (Montgomery Cnty. Cir. Ct. dismissed Feb. 6, 2013).

---

[1] Castillo designated various filings made with the bankruptcy court in his proposed record on appeal filed on March 25, 2014, *see* Not. Appeal, at 3-4, ECF No. 1-1, but appears to have designated additional filings in an attachment to his Appellant's Brief, which references the entire bankruptcy court dockets in Adversary Proceeding 13-0308 and the Main Bankruptcy Case, *see* Appx. Appellant Brief, at 2, ECF No. 8-1. In an effort to recount an accurate history of the case, this section includes citations to certain documents referenced in one or both of the bankruptcy dockets.

Both the motion to stay in the foreclosure case and the complaint in the countersuit challenged the standing of the substitute trustee to bring the foreclosure action and alleged that the lender lacked the authority to foreclose because the deed had been separated from the note when the original mortgage was sold into a securitization trust. *See* DE Nos. 11-4, 11-6 (Adv. Proc. 13-0308-TJC). On February 6, 2013, the Circuit Court for Montgomery County granted a motion to dismiss the countersuit, dismissing Castillo's claims "with prejudice and without leave to amend." *See* DE No. 11-8 (Adv. Proc. 13-0308-TJC).

On the same day, the state court also denied Castillo's motion to stay in the separate foreclosure case, subject to the provision that if Castillo filed a bond in the amount of $50,000 prior to the scheduled foreclosure sale, the Circuit Court would reinstate the stay, grant Castillo an additional 12 days to provide an affidavit and documentation supporting his contention that the mortgage had been satisfied, and reconsider the ruling. *See* DE No. 11-9 (Adv. Proc. 13-0308-TJC). After filing for bankruptcy, Castillo filed a motion for reconsideration in the foreclosure action on February 14, 2013, *see* DE No. 11-3, at 13 (Adv. Proc. 13-0308-TJC), which the state court appears not to have resolved because of the pending bankruptcy case.[2] No motion for reconsideration was filed in the countersuit. *See* DE No. 11-7 (Adv. Proc. 13-0308-TJC).

## II.  Bankruptcy Proceedings

On February 7, 2013, Castillo initiated the Main Bankruptcy Case by filing his voluntary petition for a Chapter 13 bankruptcy, *see* DE No. 1 (13-12042-TJC), which was later converted

---

[2] Castillo attached to his motion for reconsideration in Adversary Proceeding 13-0308 a note from the state court judge to the clerk stating that the motion for reconsideration in the state foreclosure action could not be ruled upon because the foreclosure case was stayed by a suggestion of bankruptcy filed in the foreclosure case on February 7, 2013. *See* DE No. 34, at 3 (13-0308-TJC).

3

to a Chapter 11 bankruptcy, *see* DE Nos. 98, 105 (13-12042-TJC). Castillo filed a "Debtor's Motion to Avoid Lien or in the Alternative to Determine Extent and Validity of Lien on Debtor's Residence" in the Main Bankruptcy Case on April 4, 2013, contesting Wells Fargo's claim in the bankruptcy. DE No. 24 (13-12042-TJC). In the motion, Castillo again argued, as he had in the state court proceedings, that when the Deed of Trust to his mortgage loan had been recorded in the name of MERS, it had been split from the note and was then further "fractionalized" when the loan was transferred into a trust. *Id.* ¶¶ 2-3. Castillo argued that Wells Fargo's claim was therefore an unsecured claim that had been discharged in a previous Chapter 7 bankruptcy in which Castillo had received a standard discharge as to all of his unsecured debts. *Id.* ¶¶ 9-13. The bankruptcy court denied the motion, explaining that Castillo had provided no facts establishing that Wells Fargo's interest was an unsecured claim and that, in any event, "any motion to determine the validity, priority or extent of a lien must be brought as an adversary proceeding." DE No. 39 (13-12042-TJC).

Accordingly, on May 22, 2013, Castillo filed his complaint against Wells Fargo, MERS, HSBC, and WFASC (collectively, "Appellees") in Adversary Proceeding 13-0308. DE No. 1 (Adv. Proc. 13-0308-TJC). In the complaint, Castillo repeated his allegations that Wells Fargo had no secured interest in the subject property because the Deed of Trust pertaining to his mortgage loan had been split from the note, and that the debt was therefore unsecured and had been discharged in a previous Chapter 7 Bankruptcy. *Id.*

On June 12, 2013, Wells Fargo filed a secured claim on behalf of HSBC for $851,473.77 in the Main Bankruptcy Case. On July 12, 2013, Castillo filed an objection to this proof of claim, in which he raised the same argument that the Deed of Trust to his mortgage loan had been separated from the note when the loan was transferred to a securitization trust, and because the

4

original note and Deed of Trust did not name HSBC and Wells Fargo, their claim was an unsecured claim that had been discharged in the previous Chapter 7 bankruptcy. DE No. 75 (13-12042-TJC).

On November 20, 2013, the bankruptcy court held a hearing on both the motion to dismiss in Adversary Proceeding 13-0308 and Castillo's objection to the proof of claim in the Main Bankruptcy Case because the issues were substantially similar. *See* Hearing Transcript, ECF No. 20. At the hearing, the bankruptcy judge concluded that the claims raised in Adversary Proceeding 13-0308 and the arguments raised in the objection to the proof of claim involved the same parties and were "almost the identical or much the same claims that were raised in Montgomery County Circuit Court." *Id.* at 17-18. The bankruptcy court considered Castillo's argument that there had been no final judgment because there was a pending motion for reconsideration, but explained that there was nothing on the record that reflected that a motion for reconsideration was filed in the state countersuit, in which Castillo's claims were dismissed with prejudice. *Id.* at 18. The bankruptcy judge also clarified that, insofar as there was a pending motion for reconsideration of the state court's denial of the stay of foreclosure in the foreclosure action, Castillo was free to return to prosecute the motion because the bankruptcy court's automatic stay did not prevent Castillo from returning to state court on that unresolved matter. *Id.* Accordingly, the bankruptcy court granted the motion to dismiss Adversary Proceeding 13-0308 and denied the objection to the proof of claim in the Main Bankruptcy Case. *Id.* at 18-19.

On December 9, 2013, Castillo filed in Adversary Proceeding 13-0308 a "Motion for Reconsideration of Orders Granting Motion to Dismiss and Denying Debtor's Objection to Proof of Claim," requesting reconsideration of both orders. DE No. 29 (Adv. Proc. 13-0308-TJC).

First, in connection with his objection to proof of claim, he argued that he had not been credited for certain payments made to the original lender and to Wells Fargo prior to July 2008.  Second, he asserted that Adversary Proceeding 13-0308 should not have been dismissed because a note to the Clerk of the Circuit Court of Montgomery County from the judge in that case, which stated that the foreclosure action was stayed by the bankruptcy filing, was proof that there had been no "final judgment" by the Circuit Court.  *See* DE No. 29 & Exs. 29-1–29-3 (Adv. Proc. 13-0308-TJC).

The bankruptcy court denied both motions for reconsideration.  With regard to the motion to reconsider the denial of objection to the proof of claim, the bankruptcy court stated that a motion for reconsideration was not the appropriate method to raise new claims that could have been asserted in the original proceeding, and further noted that Castillo had had two prior opportunities to raise the contention that the lender did not apply payments to the loan account, but had failed to do so.  DE No. 146, at 2-3 (13-12042-TJC).  As to the motion to reconsider the dismissal of Adversary Proceeding 13-0308, the bankruptcy court explained that Castillo had every opportunity to submit evidence prior to the November 20, 2013 hearing, but he had not produced the state court judge's note in a timely manner, nor had he stated why he had not been able to do so.  DE No. 34, at 2-3 (13-0308-TJC).  The bankruptcy court also ruled, in the alternative, that even if the state court's judgment in the foreclosure action was not final, the bankruptcy court was permitted to, and would, abstain from hearing Castillo's complaint in Adversary Proceeding 13-0308 in the interest of comity, so the result would be the same.  *Id.*

## III.  Appeal of Bankruptcy Court Orders

On March 25, 2014, Castillo filed a Notice of Appeal.  Among the items Castillo designated to be included in the record on appeal were the bankruptcy court's Order Denying

Claim Objection, DE No. 129 (13-12042-TJC) and Order Denying Motion to Reconsider Objection to Claim, DE No. 149 (13-12042-TJC), both in the Main Bankruptcy Case. However, Castillo failed to designate a transcript from the bankruptcy court's November 20, 2013 hearing. On October 7, 2014, the Court directed Castillo to file a transcript of the hearing, which the Court received on December 1, 2014. Order, ECF No. 20.

On January 2, 2015, Appellees filed a Notice informing the Court that the bankruptcy court had dismissed the underlying Main Bankruptcy Case on December 2, 2014 and contending that this dismissal "render[ed] moot any objection Castillo may have had to the Bankruptcy Court's Order overruling Castillo's objection to secured claim" Notice at 1, ECF No. 21. Appellees attached to their Notice the bankruptcy court's Order Granting United States Trustee's Motion to Dismiss, in which the bankruptcy court explained that the Main Bankruptcy Case was dismissed "on the grounds that the Debtor had failed to confirm a timely plan and was unlikely to be able to do so, and that the Debtor was not taking appropriate action to further the bankruptcy case." Notice, Ex. 1, at 1, ECF No. 21-1.

## DISCUSSION

### I.  Denial of Objection to Proof of Claim

Appellees argue that the dismissal of Castillo's underlying bankruptcy case renders moot any appeal of the bankruptcy court's order denying the objection to proof of claim and the order denying the motion for reconsideration of the denial.[3] Notice, at 1-2, ECF No. 21. The Court has

---

[3] Appellees also assert that the dismissal of Castillo's underlying bankruptcy case renders moot Castillo's argument that the state court order dismissing the lawsuit constitutes an avoidable preference. That argument was also the subject of a separate Adversary Proceeding, Adv. Proc. No. 13-0463-TJC, which is not before this Court on appeal. *See* Not. Appeal at 1-3, ECF No. 1-1 (14-cv-0925-TDC); Not. Appeal at 1-3, ECF No. 1-1 (14-cv-0925-TDC). For the reasons set forth below in Part II. A., any appeal of the dismissal of that Adversary Proceeding would likely be moot as well.

an obligation to ensure that it has jurisdiction to hear an appeal, which includes the question of mootness. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 66-67 (1997). A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486 (1969)). An issue is no longer "live" if the reviewing court is incapable of rendering effective relief or restoring the parties to their original position. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Id.* (internal citation and quotation marks omitted).

In the context of bankruptcy proceedings, courts have specifically recognized that once the bankruptcy case is dismissed, there is no longer any reason to resolve a dispute over a proof of claim. *See, e.g.*, *Futch v. Roberts (In re Roberts)*, 291 F. App'x 296, 299 (11th Cir. 2008) ("We conclude that the dismissal of [the debtor's] Chapter 13 bankruptcy case rendered moot [the appellant's] appeal from the bankruptcy court's order disallowing his proof of claim and dismiss that appeal."); *Koo v. VNO Shops on Lake, LLC (In re Koo)*, No. CC-12-1558-Kitaku, 2013 WL 5460138, at *3 (B.A.P. 9th Cir. 2013) ("If the bankruptcy estate no longer exists, then the court need not resolve an objection to a proof of claim that seeks a distribution against the (now) non-existent bankruptcy estate."). Notably, Castillo offers no argument to oppose the claim that the dismissal of the Main Bankruptcy Case renders moot his appeal of the bankruptcy court's order denying his objection to Appellees' claim. *See* Resp. Show Cause, ECF No. 23. Accordingly, the Court concludes that Castillo's appeal of the bankruptcy court's denial of his objection to proof of claim is moot.

## II.  Dismissal of Adversary Proceeding 13-0308-TJC

Appellees further argue that the appeal of the dismissal of Adversary Proceeding 13-0308 is also moot.  Reply to Resp. Show Cause Order at 4, ECF No. 24. Castillo, however, argues that this Court can and should retain discretionary jurisdiction over Adversary Proceeding 13-0308. Resp. Show Cause Order, at 2-3.  As set forth below, the Court finds that the appeal from Adversary Proceeding 13-0308 is moot, and even if it were not moot, that the bankruptcy court properly concluded that Castillo's claims were precluded by *res judicata*.

### A.  Mootness

Under the circumstances of this case, the dismissal of the Main Bankruptcy Case renders moot Castillo's appeal of the bankruptcy court's order dismissing Adversary Proceeding 13-0308 and the order denying the motion for reconsideration of the dismissal.  "As a general rule, the dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because the court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings." *Smith v. Commercial Banking Corp.* (*In re Smith*), 866 F.2d 576, 580 (3d Cir. 1989).  However, federal courts have discretion to retain jurisdiction over the related claims after the termination of the bankruptcy proceedings upon a weighing of the following factors: (1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved.  *Id.*  "The decision whether to retain jurisdiction over the adversary proceeding should be left to the sound discretion of the bankruptcy court or the district court, depending upon where the adversary proceeding is pending." *Fid. & Deposit Co. of Md. v. Morris* (*In re Morris*), 950 F.2d 1531, 1534 (11th Cir. 1992).

In this case, Adversary Proceeding 13-0308 was pending before this Court on appeal at the time the Main Bankruptcy Case was dismissed, and the bankruptcy court did not explicitly state in the order dismissing the Main Bankruptcy Case whether or not it would retain discretionary jurisdiction over Adversary Proceeding 13-0308 if it were to be reversed on this pending appeal. Thus, discretion to retain jurisdiction over the appeal rests with this Court.

Upon consideration of the relevant factors, the Court concludes that it should not retain jurisdiction over Adversary Proceeding 13-0308. The factor of judicial economy weighs against retaining jurisdiction. In both *Smith* and *Morris*, on which Castillo relies, the United States Courts of Appeals for the Third and Eleventh Circuits, respectively, upheld the bankruptcy courts' retention of jurisdiction over adversary proceedings where those proceedings had been pending before the bankruptcy court for some time and were poised for adjudication on the merits when the underlying bankruptcy was dismissed. *See In re Smith*, 866 F.2d at 580; *In re Morris*, 950 F.2d at 1533-35. By contrast, in this case, at the time that the Main Bankruptcy Case was dismissed, the bankruptcy court had already issued a final ruling granting a motion to dismiss Adversary Proceeding 13-0308. There had been no development of a factual record on the basis of the claims before the bankruptcy court, so there is no efficiency in retaining jurisdiction over the claims in federal court. In fact, Castillo originally sought relief in state court on the subject matter of these claims, so continued adjudication of these issues in federal court would duplicate efforts. To the extent that any resources and energies invested by the parties in the federal case have been unnecessarily wasted, they have been wasted as a result of Castillo's attempts to relitigate the same claims in federal court.

On the issue of fairness and convenience to the litigants, because the parties have already had an opportunity address the subject matter of this case in state court, there is no unfairness or

inconvenience in declining to retain federal jurisdiction. Arguably, it is more convenient for the parties not to have to address the same subject matter in two different jurisdictions. As for difficulty of the legal issues, the issues arising on this appeal are all matters of state law. Thus, the state court has better expertise than either the bankruptcy court or this Court to adjudicate these issues. Thus, judicial economy, fairness to the litigants, and the difficulty of the legal issues involved weigh in favor of dismissing the entire appeal as moot. Because the Court declines to exercise jurisdiction over Adversary Proceeding 13-0308, the appeal is dismissed as moot.

### B. *Res Judicata*

Even if the Court retained jurisdiction over the appeal of the dismissal of Adversary Proceeding 13-0308, the bankruptcy court properly dismissed Adversary Proceeding 13-0308 and denied the motion for reconsideration of the dismissal on *res judicata* grounds. When a final bankruptcy order is appealed to the district court, the court reviews findings of fact for clear error and conclusions of law *de novo*. *Deutchman v. Internal Revenue Service (In re Deutchman)*, 192 F.3d 457, 459 (4th Cir. 1999) (internal citations omitted). In order to defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Generally, a Rule 12(b)(6) motion cannot reach the merits of an affirmative defense, except "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). In other words, dismissal is proper when the pleadings and other documents proper for consideration clearly reveal the existence of a meritorious defense, including *res judicata*. *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250

11

(4th Cir. 1993). When considering a motion to dismiss on *res judicata* grounds, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

*Res judicata*, also known as claim preclusion, "bars a party from relitigating a claim that was denied or could have been decided in an original suit. *Lauren Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). The preclusive effects of a state court judgment are determined by state law. *Id.* at 162. Under Maryland law, "claim preclusion has three elements: (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been determined in prior litigation; and (3) there was a final judgment on the merits in the prior litigation. *Id.*; *Anne Arundel Cty. Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005).

In this case, the parties in Adversary Proceeding 13-0308 were also parties to the countersuit that Castillo filed in state court. In his Brief, Castillo argues that the parties are not the same because American Home Mortgage and Greenpoint Home Mortgage, which are not defendants in Adversary Proceeding 13-0308, were named defendants in the state court action. Appellant's Brief at 11. While this may be the case, each of the Appellees, against whom Castillo brought Adversary Proceeding 13-0308, were also defendants in the state action. Therefore, the first requirement is satisfied.

With regard to the second element, in deciding whether the claims are the same in the two cases, Maryland law employs the "transaction test," under which claims are considered the same "when they arise out of the same transaction or series of transactions." *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000); *see deLeon v. Slear*, 616 A.2d

12

380, 390 (Md. 1992). This rule applies "regardless of the number of substantive theories, or variant forms of relief flowing from those theories," and "regardless of the number of primary rights that may have been invaded." *deLeon*, 616 A.2d at 392. Here, Castillo's claims in both Adversary Proceeding 13-0308 and in his opposition to the proof of claim in the Main Bankruptcy Case are nearly identical to those he raised in the state court proceeding because they challenge the validity of the Deed of Trust and the right of enforcement of the lien through foreclosure. Castillo raised no new claims under federal bankruptcy law in the complaint in Adversary Proceeding 13-0308. Thus, the bankruptcy court correctly concluded that the second element was met.

Finally, the February 6, 2013 state court order, which dismissed with prejudice Castillo's countersuit, was a final judgment on the merits, after which the case was closed. Castillo argues that the fact that he filed a motion for reconsideration in the separate state foreclosure case renders the state court's decision to dismiss the countersuit a conditional order that is therefore not final. This argument is without merit. Because the elements of claim preclusion are met, and the bankruptcy court correctly dismissed Adversary Proceeding 13-0308 on the basis of *res judicata*.

For the same reasons, the bankruptcy court correctly declined to reconsider its decision to dismiss Adversary Proceeding 13-0308. A motion for reconsideration is committed to the discretion of the bankruptcy court under Federal Rule of Civil Procedure 60(b), which is made applicable to bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 9024. Therefore, a bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of discretion. *See In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992); *see also Fuentes v. Stackhouse*, 182 B.R. 438, 442 (E.D. Va. 1995). In its order denying the motion for reconsideration, the

bankruptcy court reasoned that Castillo had raised no new arguments that would change the results of the bankruptcy court's ruling as to the dismissal of Adversary Proceeding 13-0308. Having reviewed the bankruptcy court's order, the Court concludes there was no abuse of discretion.  Thus, even if the consolidated appeals were not moot, the Court would affirm the bankruptcy court's decisions to dismiss Adversary Proceeding 13-0308 and to deny the Motion for Reconsideration.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the consolidated appeal as moot.  A separate order will follow.

Date: February 20, 2015

THEODORE D. CHUANG
United States District Judge